UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STRIKE 3 HOLDING, LLC,

                Plaintiff,                  **ORDER**

        -against-               **25-CV-01996 (LAK) (JW)**

JOHN DOE subscriber assigned IP address
98,7.39.116,

                Defendant.
-------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's' motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Dkt. No. 7. The Court is also in receipt of the Plaintiff's' request to extend the time to effectuate service. Dkt. No. 9. Both motions are **GRANTED**.

## BACKGROUD

On March 10, 2025, Plaintiff initiated this action by filing a Complaint. Dkt. No. 1. Plaintiff is a media company that produces adult films and distributes those films to paying subscribers through its website. Id. Plaintiff alleges that Defendant used the file-sharing network BitTorrent to download and distribute Plaintiff's films without authorization and asserts a claim for direct copyright infringement against Defendant. Id. at ¶¶17-18. Plaintiff does not know Defendant's identity. Id. Defendant is identified in the Complaint by the Internet Protocol ("IP") address allegedly associated with the unauthorized downloading, copying, and distribution of Plaintiff's films. Id. at ¶12.

On April 8, 2025, Plaintiff filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, along with a memorandum of law and three declarations in support of its motion. Id. at ¶8. Plaintiff used an IP precision service geolocation database to match the Defendant's IP address to an Internet service provider ("ISP"). Id. at ¶78. Plaintiff now seeks to subpoena that Internet service provider ("ISP"), identified as Spectrum. Dkt. No. 8. Plaintiff seeks to serve limited discovery on the Defendant's ISP (Spectrum) to learn the Defendant's true name and address. Id.

## LEGAL STANDARDS

A party generally may not seek discovery from any source before the parties meet and confer as required by Federal Rule of Civil Procedure 26(f). However, a party may seek discovery before the Rule 26(f) conference if the court so orders. See Fed. R. Civ. P. 26(d)(1). Courts in this District have applied a "flexible standard of reasonableness and good cause" when determining whether to grant a party's expedited discovery request. Dig. Sin, Inc. v. Does 1-176, No. 12 Civ. 126 (AJN), 279 F.R.D. 239,241 (S.D.N.Y. 2012) (quoting Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005); Strike 3 Holdings, LLC v. Doe, No. 17 Civ. 9654 (VEC), 2018 WL 1737217, at *1 (S.D.N.Y. Mar. 12, 2018). "Courts have also applied 'particularly careful scrutiny' when plaintiffs seek expedited discovery on an *ex parte* basis." Id.

The Second Circuit has outlined principal factors that courts consider when deciding whether expedited discovery is appropriate particularly when "identification of the alleged infringers [is] indispensable for the vindication of plaintiffs'

2

copyright[s.]" <u>Arista Records LLC v. Doe</u>, 604 F.3d 110, 115 (2d Cir. 2010).  The <u>Arista</u> court utilized a five-factor analysis for good cause:

> [The] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

604 F.3d at 119 (quoting <u>Sony Music Entertainment Inc. v. Does 1-40</u>, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) 564–65).

## DISCUSSION

Here, the majority of the <u>Arista</u> factors weigh in favor of granting Plaintiff's motion.  As to the first factor, the Complaint sufficiently lays out a prima facie claim of copyright infringement.  As to the second factor, the discovery request seeks only the name and address of the IP address holder.  As to the third factor, there appears to be no other method to obtain the identities of the alleged infringers.  As to the fourth factor, there is no way for the litigation to proceed unless Defendant can be identified.  In these circumstances, courts routinely grant motions to serve subpoenas upon ISPs prior to a Rule 26(f) conference to identify the persons associated with the IP addresses responsible for the allegedly infringing activity. <u>See</u>, <u>e.g.</u>, <u>Malibu Media LLC v. Does 1-11</u>, No. 12 Civ. 3810 (ER), 2013 WL 3732839, at *2 (S.D.N.Y. July 16, 2013); <u>John Wiley & Sons, Inc. v. Doe Nos. 1-30</u>, No. 12 Civ. 3782 (LTS)(JLC), 284 F.R.D. 185, 188 (S.D.N.Y. 2012).

Factor five, the objecting party's expectation of privacy, does not weigh in favor of granting the motion. There is a reasonable chance that the person responsible for the allegedly infringing conduct is not the person or entity whose name and address are associated with the IP address in the ISP's billing records. See, e.g., Digital Sin, Inc. v. Does 1-176, No. 12 Civ. 00126 (AJN), 279 F.R.D. 239, 242 (S.D.N.Y. 2012); In re BitTorrent Adult Film Copyright Infringement Cases (In re BitTorrent), No. 11-3995 (DRH) (GRB), 296 F.R.D. 80, 84–85 (E.D.N.Y. 2012). Because each wireless Internet router has a single IP address, numerous individual users—potentially including neighbors or passers-by if a residential network is unsecured, or countless members of the general public if the network is at a café or an airport—may be associated with a single IP address. See In re BitTorrent, 296 F.R.D. at 84. "This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants . . . who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading [pornographic films]." Digital Sin, 279 F.R.D. at 242 (internal quotation marks omitted).

Thus, to address privacy concerns, the Court will issue a protective order to allow the subscriber to contest the subpoena before their personal information is disclosed. See, e.g., In re BitTorrent, 296 F.R.D. at 83; Digital Sin, 279 F.R.D. at 244–45; Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 559 (S.D.N.Y. 2004). Plaintiff represents in its memorandum of law that it does not object to alleged infringers who wish to proceed anonymously. See Dkt. No. 8.

Accordingly, Plaintiff's motion for third-party early discovery to serve a third-party subpoena, is **GRANTED**, subject to the procedure set forth below to provide their internet subscriber with a fair opportunity to contest the subpoena before their identity is disclosed to Plaintiff. See Digital Sin, 279 F.R.D. at 244–45.

IT IS HEREBY ORDERED that:

- Plaintiff may immediately serve a third-party subpoena upon Defendant's ISP, pursuant to Federal Rule of Civil Procedure 45, requiring the ISP to disclose the name and address associated with IP address 98.7.39.116. The subpoena shall have a copy of this Order attached.

- The ISP shall have fifteen (15) days from the date of service to serve the affected internet subscriber with a copy of the subpoena and a copy of this Order. The ISP may use any reasonable means to do so, including but not limited to written notice to the subscriber's last known address.

- The internet subscriber shall have forty-five (45) days from the date of service of the subpoena upon them to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously. The ISP shall not produce any subpoenaed information to Plaintiff during this period.

- If this 45-day period lapses without the internet subscriber filing a motion to contest the subpoena, the ISP shall produce to Plaintiff all information necessary to comply with the subpoena within ten (10) days thereafter.

- The ISP may also move to contest the subpoena, consistent with the usual requirements of Federal Rule of Civil Procedure 45. If it does, it shall ensure that its filings do not disclose to Plaintiff any identifying information concerning the affected internet subscriber.

- If any motion is filed to contest the subpoena, the ISP shall not produce any subpoenaed information to Plaintiff until the Court has resolved the motion and has ordered the ISP to disclose the information.

- The ISP shall preserve any subpoenaed information pending resolution of any motion to contest the subpoena.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 7 and 9.**

SO ORDERED.

DATED:    New York, New York
          December 8, 2025

_____
JENNIFER E. WILLIS
United States Magistrate Judge